United States District Court
Southern District of Texas
**ENTERED**
December 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

JUAN DIEGO MARTINEZ-RODRIGUEZ, §
§
§
Petitioner, §    CIVIL ACTION NO. 5:25-CV-107
§    CRIM. ACTION NO. 5:22-CR-1052-S-15
§
VS. §
§
UNITED STATES OF AMERICA §
§
Respondent. §

## REPORT AND RECOMMENDATIONS OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner Juan Diego Martinez-Rodriguez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civ. Dkt. No. 1; Crim. Dkt. No. 982). United States District Judge Marina Garcia Marmolejo referred this case to the Undersigned on August 27, 2025, for a report and recommendation. (Civ. Dkt. No. 2; Crim. Dkt. No. 999).[1] Petitioner's counsel, Mr. Javier Guzman ("Mr. Guzman"), responded to the motion, and the Government filed a motion for summary judgment. (Civ. Dkt. Nos. 8 and 11). Upon review of the submissions, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Undersigned **RECOMMENDS** that the District Judge **DENY** Petitioner's motion. The

---

[1] Unless otherwise indicated, citations refer to the criminal docket. Although the referral in Civil Action No. 5:25-CV-107 was ordered on August 27, 2025, the referral in Crim. Action No. 5:22-CR-1052-S-15 was ordered on October 22, 2025.

Undersigned further **RECOMMENDS** that a certificate of appealability should be **DENIED** as jurists would not find the Court's ruling debatable.

## I. BACKGROUND

On April 2, 2024, Petitioner pleaded guilty before District Judge Garcia Marmolejo to Count Seven of his Superseding Indictment. (Min. Ent. April 2, 2024; Dkt. No. 692). Pursuant to his plea agreement, Petitioner preserved his right to assert a post-conviction claim for ineffective assistance of counsel ("IAC"). (Dkt. No. 692 at 4). However, Petitioner waived all other appellate rights and the right to collaterally attack his conviction and sentence. (*Id.*).

At his re-arraignment, Petitioner confirmed that he reviewed the terms of the entire plea agreement with his attorney, Mr. Guzman, and that he understood the terms of the agreement and signed it freely and voluntarily. (Hr'g, April 2, 2024 at 10:40:11-10:40:31). Petitioner additionally affirmed under oath that he understood the waiver of his appellate right and the right to collaterally attack his conviction and sentence. (Hr'g, April 2, 2024 at 10:45:32-10:46:13).

The Court sentenced Petitioner on September 25, 2024, to a 37-month term of imprisonment. (Min. Ent. Sept. 25, 2024; Dkt. No. 865). At the end of the sentencing hearing, the Court noted Petitioner waived his right to appeal. (Hr'g, September 25, 2024 at 11:49:30).

On July 2, 2025, Petitioner filed the instant 28 U.S.C. § 2255 motion. (Civ. Dkt. No. 1; Dkt. No. 982). His motion is therefore timely within the one-year statute of limitations period. *See* 28 U.S.C. § 2255 (f)(1) (providing the applicable one-year

statute of limitations period commencing "the date on which the judgment of conviction becomes final"). In his motion, Petitioner broadly argues Mr. Guzman: (1) failed to suppress evidence as requested which induced Petitioner to plead guilty; (2) was ineffective as counsel due to five enumerated failures which induced Petitioner to plead guilty; (3) failed to move for a hearing to claim Petitioner's property seized by the Government; (4) and failed to argue that the Court did not have jurisdiction over Petitioner. (Civ. Dkt. No. 1; Dkt. No. 982).

Mr. Guzman responded to the motion on September 26, 2025, and the Government filed a motion for summary judgment on December 8, 2025. (Civ. Dkt. Nos. 8 and 11).

## II. Legal Standard

After a defendant has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted). "As a result, review of convictions under [28 U.S.C. § 2255] ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). In other words, relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). If the reviewing court concludes that the

prisoner's motion is meritorious, it must "vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Petitioner is representing himself throughout his proceedings under § 2255. It is a court's "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney." *United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam). As a result, a *pro se* litigant's pleadings are entitled to a liberal construction and are subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Judicial scrutiny of counsel's performance is highly deferential. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied*, 509 U.S. 921 (1993). On post-conviction review, trial counsel are entitled to a strong presumption that they "rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). To overcome the presumption of competence, the petitioner must establish (1) that counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. Ultimately, the determination of whether counsel has rendered reasonably effective assistance turns

on the totality of facts in the record. *Id.* at 695.

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). A plea's validity may not be collaterally attacked because the defendant made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 535 U.S. 175, 186, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005). By pleading guilty to an offense, a defendant waives all non-jurisdictional defects preceding the plea. *United States v. Owens*, 996 F.2d 59,60 (5th Cir. 1993). This includes claims for ineffective assistance of counsel except when the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Any challenge to a district court's application of the Sentencing Guidelines in a § 2255 motion is not cognizable on collateral review. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Cervantes*, 132 F.3d at 1109; *Vaughn*, 955 F.2d at 368. To show prejudice related to counsel's performance at sentencing, a defendant must demonstrate that but for counsel's alleged errors, there is a reasonable probability that he would have received a lower sentence. *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004).

"'A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner

is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## III. Discussion

### A. The Claims in the § 2255 motion are not meritorious.

The District Judge should dismiss Petitioner's § 2255 claims because they lack merit. The Undersigned will briefly address the merits of each claim in turn.

### 1. *Petitioner waived his Fourth Amendment claims by pleading guilty.*

Liberally construed, Petitioner's first claim asserts that his counsel should have filed a motion to suppress evidence. (Dkt. No. 982 at 4). Specifically, Petitioner claims that law enforcement searched his home and seized vehicle and other items without first obtaining a search warrant, in violation of Petitioner's Fourth Amendment rights. (*Id.*)

Even if these allegations were true, Petitioner's claim is meritless because he waived any claims based on the allegations by knowingly and voluntarily pleading guilty. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects" in the criminal proceedings. *United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013). Such defects include any claims regarding lack of probable cause or Miranda violations. *See United States v. Guzman-Hernandez*, 392 Fed. App'x 321, 322 (5th Cir. 2010) (explaining that the defendant's guilty plea waived his claims for alleged violations of his Miranda rights); *United States v. Hewitt*, 326 Fed. App'x 756, 758 (5th Cir. 2009) (concluding that the defendant's guilty plea waived any claim of illegal seizure); *United States v. Allen*, 250 F. App'x 9, 12 (5th Cir. 2007) (affirming the denial of a § 2255 petition because the defendant's guilty plea waived any claims

based on the government conducting an illegal search). At his plea hearing, Petitioner stated to District Judge Garcia Marmolejo that no one was forcing, threatening, or coercing him to plead guilty. (Hr'g, April 2, 2024 at 10:52:40-10:52:48). In his signed plea agreement, Petitioner "acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty." (Dkt. No. 692 at 10).

Further, Mr. Guzman noted in his response that Petitioner never requested the filing of a motion to suppress, and that even if he had, Mr. Guzman would not have filed a frivolous motion. (Dkt. No. 994 at 1).

As held in *Owens*, by pleading guilty to an offense, a defendant waives all non-jurisdictional defects preceding the plea, including claims of ineffective assistance of counsel except when the ineffectiveness is alleged to have rendered the guilty plea involuntary. Petitioner cannot claim that his attorney was ineffective due to his decision to not file a motion to suppress. Rather, Petitioner voluntarily chose to accept a plea agreement and plead guilty.

Petitioner's first claim fails.

### 2. Unsupported allegations don't overcome the presumption that sworn declarations in court are true.

Similarly, Petitioner's second claim asserts that his attorney failed to discuss discovery with the Petitioner and failed to file various pre-trial motions, to include the aforementioned motion to suppress evidence. (Dkt. No. 982 at 5). However, Petitioner provides no facts to support these bare and inconsistent assertions.

First, the record unambiguously undermines Petitioner's allegation that his

attorney didn't provide or review discovery with him. At his re-arraignment, Petitioner stated that he was satisfied with Mr. Guzman's legal representation. (Hr'g, April 2, 2024 at 10:38:27-10:38:36). Petitioner agreed under oath that his attorney, Mr. Guzman, had reviewed the evidence in the case and discussed possible options and defenses with Petitioner. (Hr'g, April 2, 2024 at 10:38:37-10:38:47). At sentencing, Petitioner confirmed under oath that he had an opportunity to review the PSR with his attorney. (Hr'g, September 25, 2024 at 10:22:04-10:22:15). These assertions are consistent with Mr. Guzman's response that he reviewed all discovery materials with Petitioner. (Dkt. No. 994 at 1). Petitioner now argues that his attorney didn't review discovery with him. But "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74 (1977). And unsupported allegations do not satisfy a petitioner's "heavy burden" to overcome this presumption. *See DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); see also *United States v. Jimerson*, 754 Fed. App'x 275, 277 (5th Cir. 2018) (explaining that a defendant "must wield specific factual allegations" to repudiate statements made under oath when entering a plea of guilty). Here, Petitioner presents mere conclusory statements when arguing that his attorney provided ineffective assistance of counsel. Those unsupported allegations are insufficient to overcome the heavy burden that the law imposes.

Second, as noted in the previous section, Petitioner's claims that his counsel was ineffective because he should have filed a motion to suppress or other pre-trial motions has no merit because Petitioner voluntarily chose to accept a plea agreement

and plead guilty.

Petitioner's second claim fails.

### 3. Forfeiture claims aren't cognizable in a §2255 motion.

Petitioner argues that the Government should have held a forfeiture hearing if it intended to keep Defendant's Mercedes Benz, wallet, and other U.S. currency. (Dkt. No. 982 at 7). In its response, the Government argues that a §2255 motion is not the proper mechanism to raise such a claim. (Dkt. No. 1002 at 23). The Undersigned agrees.

First, in Paragraph 23 of his plea agreement, Defendant agreed to "waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceedings, whether criminal or civil, federal or state." (Dkt. No. 692 at 10). Additionally, he "waives the right to challenge the forfeiture of property in any matter, including by direct appeal or in a collateral proceeding." (*Id.*). Additionally, Mr. Guzman notes in his response that the property seized in Austin, Texas was "subject to a separate Western District of Texas proceeding," of which Mr. Guzman was not assigned counsel. (Dkt. No. 994 at 2).

Second, cognizable claims under §2255 are limited to those related to unlawful custody, as opposed to financial penalties or allegations related to forfeiture. *See United States v. Segler*, 37 F.3d 1131 (5th Cir. 1994) (A claim challenging the court's imposition of a fine lies outside the scope of §2255.); *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999) ("[C]omplaints concerning restitution may not be addressed in §2255 proceedings."); *Urista v. United States*, No. 7:10-cr-009, 2015 WL 4588352,

at *8 (N.D. Tex. July 30, 2015) ("As correctly observed by the United States in its Response, [c]laims of ineffective assistance of counsel based upon restitution and forfeiture are not cognizable in a § 2255 action because they do not relate to unlawful custody.").

Accordingly, Petitioner cannot raise such a claim in a §2255 motion.

### 4. *Petitioner's venue and jurisdiction claim is frivolous.*

Finally, Petitioner argues that the Court in Laredo, Texas, did not have jurisdiction over his case, as his property was seized and he was arrested, in Austin, Texas. (Dkt. No. 982 at 8). This argument is frivolous.

As the Government notes, 18 U.S.C. § 3237(a) provides that "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." Additionally, the Fifth Circuit has held that, "[i]n conspiracy cases, venue is proper in any district where the agreement was formed, or an overt act occurred." *United States v. Lee*, 966 F.3d 310, 319 (5th Cir. 2000).

The factual basis in support of Petitioner's plea agreement indicates that the human smuggling organization ("HSO") "used drivers to pick up UDAs near the U.S/Mexico border and transport them to residence in or around the Laredo, Texas area, and elsewhere." (Dkt. No. 694 at 2). Additionally, the "HSO illegally harbored and transported UDAs, including unaccompanied minors, at various locations in the Laredo and Austin, Texas areas." (*Id.*). Petitioner conspired with others to "engage in

financial transactions designed to conceal the nature and source of the ill-gotten proceeds the HSO received through the illegal transportation and harboring of the UDA." (*Id.*). By signing and accepting the plea agreement, Petitioner stipulated that these facts are true. (Dkt. No. 694 at 1).

Petitioner's final claim is frivolous.

## IV. Conclusion

The Undersigned **RECOMMENDS** that no hearing on Petitioner's § 2255 motion is necessary because the record conclusively shows that Petitioner is not entitled to any relief. *Bartholomew*, 974 F.2d at 41. Based on the foregoing, the Undersigned **RECOMMENDS** that the District Judge **DENY** Petitioner's § 2255 motion and **GRANT** summary judgment in favor of the Government. (Civ. Dkt. Nos. 1 and 11; Crim. Dkt. Nos. 982 and 1002).

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts requires a district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Undersigned concludes that reasonable jurists would not debate whether the pending motion to vacate under § 2255 should be denied. The Undersigned therefore **RECOMMENDS** that the District Judge **DENY** a certificate of appealability in this case.

## VI. Notice of Right to Object

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review *de novo* those portions of the report or specified proposed findings or recommendations to which the party objects. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996). The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. 28 U.S.C. § 636(b)(1)(C). The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas*, 474 U.S. at 150.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice. *Douglass*, 79 F.3d at 1428.

The Court **DIRECTS** the Clerk of the Court to mail Petitioner a copy of this Report and Recommendation by certified mail return receipt requested at the address on file.

**SIGNED** on December 15, 2025.

Christopher dos Santos
United States Magistrate Judge